NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000083
27-NOV-2013
09:45 AM

NO. CAAP-13-0000083

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SUSANNA YI, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Honolulu Division)
(CASE NO. 1DTA-12-04392)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Ginoza, JJ.)

Defendant-Appellant Susanna Yi (Yi) was charged with
operating a vehicle under the influence of an intoxicant (OVUII),
in violation of Hawaii Revised Statutes (HRS) 291E-61(a)(1)
and/or (a)(3) (Supp. 2012). Yi appeals from the Judgment, which
dismissed her OVUII charge without prejudice, that was filed on
January 16, 2013, in the District Court of the First Circuit
(District Court).[1] The only reason provided by the District
Court for dismissing the OVUII charge was that the time limit
under Hawai'i Rules of Penal Procedure (HRPP) Rule 48 (2000) for
a speedy trial was "imminent." The District Court did not
provide any reason for dismissing the charge without prejudice as
opposed to with prejudice. In rendering its ruling, the District
Court stated: "Since [HRPP] Rule 48 is imminent, matter will be
dismissed. Motion to continue [requested by the prosecution]

_____

[1] The Honorable David W. Lo presided.

will be denied. Matter will be dismissed without prejudice and bail to be returned."

On appeal, Yi contends that the trial court "erred in dismissing the case without prejudice without any findings of fact or conclusions of law to support its decision." Yi argues that the case "should be dismissed with prejudice," or at the very least, that we should remand the case to the trial court so that it can "wrestle with [the] analysis" of whether to dismiss with or without prejudice.

The only reason provided by the District Court for dismissing the charge was that "[HRPP] Rule 48 is imminent." We therefore conclude that in evaluating whether the District Court erred in dismissing the charge without prejudice instead of with prejudice, it is appropriate to apply the standards for dismissals under HRPP Rule 48.

In State v. Hern, Nos. CAAP-11-0000644 and CAAP-12-0000528, 2013 WL 1233543 (Hawaiʻi App. Mar. 27, 2013), we held that "in determining whether to dismiss a charge with or without prejudice under HRPP Rule 48(b), the trial court must not only consider the Estencion factors,[2] but must also clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision." Hern, 2013 WL 1233543, at *5. In this case, the District Court did not state any reason for its decision to dismiss the charge without prejudice. We conclude that the record is inadequate to permit meaningful review of the District Court's exercise of discretion in dismissing the charge without prejudice. See Hern, 2013 WL 1233543, at *5-6.

---

[2] The "Estencion factors" are: "'[(1)] the seriousness of the offense; [(2)] the facts and the circumstances of the case which led to the dismissal; and [(3)] the impact of a reprosecution on the administration of [HRPP Rule 48] and on the administration of justice[.]'" State v. Hern, Nos. CAAP-11-0000644 and CAAP-12-0000528, 2013 WL 1233543, at *1 (Hawaiʻi App. Mar. 27, 2013) (brackets in original) (quoting State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981)).

Accordingly, we vacate the District Court's Judgment dismissing the charge without prejudice, and we remand the case with instructions that the District Court: (1) consider the Estencion factors in determining whether to dismiss Yi's OVUII charge with or without prejudice; and (2) make findings that clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision.

DATED: November 27, 2013, at Honolulu, Hawai'i.

On the briefs:

Richard L. Holcomb
(Holcomb Law, LLLC)
for Defendant-Appellant

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge